**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| AURORA J. MONTANO, <br>            Appellant, | DOCKET NUMBER <br> SF-315H-20-0490-I-1 |
|     v. | |
| DEPARTMENT OF THE NAVY, <br>            Agency. | DATE:  November 1, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Aurora J. Montano</u>, San Diego, California, pro se.

<u>Mary Allmann</u> and <u>Michael L. Mason</u>, San Diego, California,
    for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

untimely filed without good cause shown for the delay. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2      The appellant was appointed to a GS-6 Medical Supply Technical position effective March 4, 2019. Initial Appeal File (IAF), Tab 11 at 16. She had no prior Federal service. *Id.* at 19. Her appointment was subject to the completion of a 2-year initial probationary period beginning on March 4, 2019. *Id.* at 16. The agency terminated the appellant effective May 15, 2020, based on her failure to demonstrate acceptable performance and conduct. *Id.* at 12-14.

¶3      The appellant filed a timely appeal of her probationary termination. IAF, Tab 1 at 1. After providing jurisdictional notice and affording the parties the opportunity to file evidence and argument, the administrative judge dismissed the appeal for lack of jurisdiction in a July 28, 2020 initial decision, finding that the evidence showed the agency terminated the appellant for post-appointment reasons during her probationary period. IAF, Tab 12, Initial Decision (ID) at 1, 6-7. The initial decision specifically stated that the deadline to file a petition for review was September 1, 2020, and provided information on how to file a petition for review. ID at 7-8.

¶4      The appellant filed her petition for review on September 11, 2020. Petition for Review (PFR) File, Tab 1. In an acknowledgment letter, the Office of the Clerk of the Board notified the appellant that, because she filed her petition for review after September 1, 2020, i.e., over 35 days following the issuance of the July 28, 2020 initial decision, it was untimely filed. PFR File, Tab 2 at 1. The Clerk's Office informed the appellant that the Board may dismiss her petition for review as untimely filed unless she submitted a motion showing that her petition for review was timely filed or that good cause existed for the filing delay. *Id.* at 2. The Clerk's Office enclosed a "Motion to Accept Filing as Timely and/or to Ask the Board to Waive or Set Aside the Time Limit." *Id.* at 7-9. The letter from

the Clerk's Office afforded the appellant until October 3, 2020, to file that motion. *Id.* at 2.

¶5 The agency has filed a response to the appellant's petition for review, arguing that it was untimely filed and, alternatively, that it failed to meet the Board's criteria for review. PFR File, Tab 3. By letter signed by the appellant and postmarked on October 13, 2020, ten days after the deadline established by the Clerk's Office, the appellant filed a motion on the timeliness of her petition for review. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the initial decision was issued, within 30 days after the date the appellant received the initial decision. 5 C.F.R. § 1201.114(e). The Board will waive this time limit only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 4 (2009) (citing *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980)). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Id*. (citing *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table)).

¶7 The appellant asserts in her motion to waive the time limit that she had "received a respond back from HR not from the mspb [sic]." PFR File, Tab 4 at 1. She claims that "I know for that I never get reviewed from mspb [sic]." *Id.* The appellant also addresses the merits of her termination. *Id.*

¶8 To the extent the appellant may be claiming that she did not receive the initial decision, we nevertheless deem her to have received the initial decision on July 28, 2020. The appellant elected to register as an e-filer soon after filing her appeal. IAF, Tab 2 at 2. The statement that the appellant filed and the Board's e-filer regulations both provide that, as a registered e-filer, she agreed to accept service of documents through electronic service and was required to monitor her case activity at e-Appeal to ensure she received all case related documents. *Id.*; *see* 5 C.F.R. § 1201.14(e)(1), (j)(3) (2020). The Board's regulations also provide that Board documents served electronically on registered e-filers are deemed received on the date of electronic submission. 5 C.F.R. § 1201.14(m)(2) (2020). When a statute or regulation "deems" something to have been done, the event is considered to have occurred whether or not it actually did. *Rivera*, 111 M.S.P.R. 581, ¶ 5 (citing *Lima v. Department of the Air Force*, 101 M.S.P.R. 64, ¶ 5 (2006)). The certificate of service for the initial decision indicates that it was served on the appellant by electronic mail on July 28, 2020. IAF, Tab 13. There is no indication that the email notification the appellant received regarding the initial decision was received after the July 28, 2020 date of service. As noted above, the appellant did not file her petition for review until September 11, 2020. PFR File, Tab 1. Thus, we find that her petition for review was untimely filed by 10 days.

¶9 Although the 10-day delay in this case is not especially lengthy, it is not minimal. *See Cabarloc v. Department of Veterans Affairs*, 112 M.S.P.R. 453, ¶ 10 (2009). In any event, the Board has consistently denied a waiver of its regulatory filing deadline when a good reason for the delay is not shown, even when the delay is minimal and the appellant is pro se. *E.g.*, *id.* The appellant has

provided no other explanation for the period of delay in this case. The appellant includes with her petition for review a copy of her performance plan, progress review, and appraisal for the period covering April 1, 2019, to March 31, 2020, which reflects a June 1, 2020 effective date for the appellant's rating of record. *Id.* at 4-11. She does not say when she received this document, but, as set forth above, it dates from before the July 20, 2020 close of the record below on the jurisdictional issue. *Id.*; IAF, Tab 10 at 1. Thus, the document is irrelevant to the timeliness of the appellant's petition for review or the question of whether she has demonstrated good cause for its untimely filing.

¶10 Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's termination during her probationary period.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.